## HAROLD M. HANSEN v. WILLIAM J. MOORE.[1]

January 16, 1931.

No. 27,975.

Walter L. Chapin, for appellant.
Gilbert E. Harris and Albin S. Pearson, for respondent.

[1]Reported in 234 N. W. 462.

322

HILTON, J.

Defendant appeals from an order denying his motion for a new trial.

Action to recover $1,500 (treble damages) for wilful and unlawful trespass on land of plaintiff. The claimed trespass consisted in the cutting and removal of certain white oak trees of the value of $500 from a grove on plaintiff's land. Treble damages are authorized by statute when such cutting and removal is without lawful authority and "unless upon the trial it appears that the trespass was casual or involuntary, * * *" in which case only actual damages can be assessed. G. S. 1923 (2 Mason, 1927) § 9585. The jury returned a verdict in plaintiff's favor for $350 as and for actual damages.

Only two assignments of error are asserted: (1) That the verdict is contrary to and not sustained by the evidence and is contrary to law; (2) that the verdict appears to have been given under the influence of passion or prejudice. No error is assigned as to the reception or exclusion of evidence or as to the instructions of the court to the jury.

Plaintiff had granted Ramsey county permission to remove gravel from an open pit on his land at a stated price per cubic yard. Defendant contracted with the county to remove and deliver the gravel at a cubic yard rate. Under neither contract was there authority for the taking of any of the trees in question. Defendant arranged with the Northern Graveling Company to do the actual work, but after a short time took the work over and finished it himself. In the process of removing the gravel certain apparatus was used, including an engine, wooden hopper, trucks, drags, steel cables, a half-ton dipper, and a runway.

Plaintiff claimed that defendant was responsible for the cutting and removal of 32 white oak trees averaging from six to ten inches in diameter at the base and 30 feet high. Defendant denied that such or any other trespass had been committed by him or under his authority or that any such trees were used by him.

One of the employes of defendant (Burque) testified that by direction of defendant's foreman he cut and removed two of plain-

tiff's such trees and that they were used as rollers in moving some of the apparatus. This same witness testified that he saw two other employes of defendant, in like manner, take ten such sized trees for the same purpose. One of these two (Peloquin) testified to such cutting and taking and said that it was done by direction of defendant's foreman.

Defendant did not personally know whether the trees had been cut by any of his employes. The foreman and some of defendant's other men denied such taking, removal, and use. Defendant also claimed that if any trees were taken they were small in size and of but little value.

In addition to the 12 trees referred to, plaintiff proved, evidently to the satisfaction of the jury, that 20 other like trees were taken by defendant. In the locality where the 12 trees were cut plaintiff and the employe witness Burque counted 32 freshly cut stumps of white oak trees six to ten inches in diameter. These included the stumps of the 12 trees. ' The 32 trees were scattered ones cut "here and there" in various parts of the grove, which was not far from plaintiff's dwelling house. No witness testified to seeing the 20 trees being cut.

Plaintiff had not been in the grove while the gravel hauling was in progress. He first saw the stumps immediately after the hauling of gravel was completed. The trees had been cut, trimmed, and the timber taken away. He further testified that he had seen white oak timber in and about the apparatus; that it was of the kind that could be produced from his cut trees and "looked a good deal like it." From the appearance of the stumps the trees had been cut during the time defendant's foreman and employes were removing gravel. The testimony of defendant's employe Burque was that the stumps of the 20 trees were of the same kind and size as were those of the 12.

Where the evidence is in conflict, as here, the determination as to what the facts really are was for the jury. It could properly draw the conclusion that defendant was responsible for the cutting and removal of the 32 trees and liable to respond in damages therefor.

On the record there is nothing to indicate that the verdict was rendered under the influence of passion or prejudice. The amount of the verdict had support in the evidence, and there is no claimed error in the court's charge as to the measure of damages.

Order affirmed.